## UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### (SAN ANTONIO DIVISION)

| | | |
|---|---|---|
| DANIEL GRAVES,<br><br>　　　　Plaintiff<br><br>VS.<br><br>THE VANGUARD GROUP, INC.,<br>VANGUARD FIDUCIARY TRUST<br>COMPANY, and SUNTRUST<br>BANK,<br><br>　　　　Defendants | § § § § § § § § § § § § | Civil Action No. ___5:14-cv-194___<br><br>(Formerly 73rd Judicial District,<br>Bexar County District Court, Texas<br>Case No. 2014-CI-00349) |

## DEFENDANT SUNTRUST BANK'S
## NOTICE OF REMOVAL

COMES NOW Defendant SunTrust Bank (incorrectly identified as "SunTrust Bank, Inc." in Plaintiff's Original and First Amended Petition (hereinafter "SunTrust"); and hereby removes Case No. 2014-CI-00349 from the District Court of the 73rd Judicial District, Bexar County, Texas, to the United States District Court for the Western District of Texas, pursuant to 28 U.S.C. §§1332(a), 1441, and 1446, and as grounds for its removal states as follows:

　　　1.　　　On January 9, 2014, Plaintiff Daniel Graves filed his Original Petition in Bexar County, Texas, 73rd Judicial District, styled Daniel Graves v. The Vanguard Group, Inc., Vanguard Fidelity Trust Company, and SunTrust Bank, Inc., Cause No. 2014CI00349; and further on February 10, 2014, Plaintiff Daniel Graves filed his First Amended Petition in the same court and case number, correcting the originally pleaded name of Defendant Vanguard Fidelity Trust Company to the name of Vanguard Fiduciary Trust Company. A true and correct copy of the said Original Petition and Citation (summons) and a true and correct copy of the said First Amended Petition are attached hereto as part of **Exhibit A.**

2.      Defendants The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company have consented to the removal of this action from the District Court of the 73rd Judicial District, Bexar County, Texas, to United States District Court for the Western District of Texas, as evidenced by **Exhibit B** attached hereto.

3.      Pursuant to 28 U.S.C. § 1446(a) a copy of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**, including the citation and two petitions described in paragraph A above, the Original Answer, Special Exceptions and Request for Disclosure of Defendants The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company, filed February 17, 2014 in the District Court of the 73rd Judicial District, Bexar County, Texas, and Defendant SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures, filed March 3, 2014 in the District Court of the 73rd Judicial District, Bexar County, Texas.

4.      The First Amended Petition purports to assert several causes of action, but all of the purported causes of action arise from the alleged "mismanagement of [Plaintiff's] Major League Baseball Players Investment Plan account ("Plan Account"), and the deposit and acceptance of a forged negotiable instrument drawn against the Plan Account." First Amended Petition, Paragraph 7.  Allegedly, the said check was issued by Vanguard Fiduciary Trust Company on December 6, 2006 payable to Plaintiff in the amount of $120,614.12, allegedly fully depleted the Plan Account, and was allegedly mailed to Plaintiff's wife's address in the State of Florida.  Allegedly, Plaintiff's signature on the endorsement of said check was then forged by Plaintiff's wife and, on December 10, 2006 Plaintiff's wife allegedly deposited the check into her Florida bank account with Defendant SunTrust.  Against the Vanguard Defendants, the First Amended Petition purports to assert that (a) the Vanguard Defendants were

negligent for failing to notify Plaintiff of an unauthorized change of address on his Plan Account, and (b) the Vanguard Defendants negligently and wrongfully issued and paid the check bearing Plaintiff's forged endorsement (citing Tex. Bus. & Com. Code §§3.401 and 4.401(a) - Texas' version of the corresponding sections of the Uniform Commercial Code). Against multiple, but not clearly specified Defendants, the First Amended Petition alleges that "both depository institutions" are liable for conversion (citing Tex. Bus. & Com. Code §3.206 - Texas' version of the corresponding section of the Uniform Commercial Code) because the Plan Account check allegedly contained a restrictive endorsement reading "for deposit only" and the unspecified defendants allegedly failed to comply with the terms of the restrictive endorsement.

5.      The First Amended Petition pleads that the parties are of diverse state citizenship: (a) Plaintiff resides in San Antonio, Bexar County, State of Texas according to Paragraph 2 of the First Amended Petition, (b) Defendants The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company are each incorporated in the State of Pennsylvania with a principal place of business in Malvern, State of Pennsylvania, according to Paragraph 3 of the First Amended Petition, and (c) Defendant SunTrust is incorporated in the State of Georgia with its principal place of business in Atlanta, State of Georgia, according to Paragraph 4 of the First Amended Petition.

6.      Plaintiff's First Amended Petition alleges that he "lost the total funds of $120,614.12" as a result of the conduct of the Defendants he alleges entitles him to relief. *See, e.g.,* First Amended Petition, Paragraph 7. Similarly, in a section entitled "Damages Sustained", the First Amended Petition (in page 12, paragraph 25) states that:

> "Plaintiff has sustained damages in the amount of One Hundred Twenty Nine Thousand Six Hundred and Fourteen Dollars and 62/100 ($120,614.62) plus interest from the date of the wrongful disbursement of funds."

At Page 12, paragraph 26, the First Amended Petition also seeks "recovery of [Plaintiff's] reasonable and necessary attorney's fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code."

7.      Accordingly, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1446 because there is a complete diversity of citizenship between Plaintiff and Defendants and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

8.      This Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the United States District Court for the Western District of Texas (San Antonio Division) is in the federal judicial district embracing the District Court of the 73rd Judicial District, Bexar County, Texas, where the civil action to be removed hereby was originally filed and was still pending on the date hereof.

9.      On February 6, 2014, Defendant SunTrust first received a copy of Plaintiff's Original Petition included in Exhibit A, the initial pleading setting forth the claim for relief upon which this action is based and of the citation (summons).  Accordingly, this Notice of Removal is timely filed under 28 U.S.C. §1446(b)(2)(A).

10.      A copy of this Notice of Removal will be contemporaneously filed with the Clerk of Court in Bexar County, Texas, 73rd Judicial District and served upon counsel for all parties pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

By this Notice of Removal, neither Defendant SunTrust nor any other Defendant waives any objection any of them may have as to service, jurisdiction, or venue, or any other defenses or objections any of them may have in this action.  Neither Defendant SunTrust nor any other

Defendant intends any admission of fact, law or liability by this notice, and each of them expressly reserve all rights, defenses, motions, and/or pleas.

Respectfully submitted,

HAWKINS PARNELL
   THACKSTON & YOUNG LLP

By: _Doug Lackey_ _____
DOUG LACKEY
Texas State Bar No. 11084500
GORDON E. BILLHEIMER, JR.[1]
Texas State Bar No. 24072931
1717 W. 6th St., Suite 250
Austin, TX 78703
Telephone: (512) 687-6914
Facsimile: (512) 687-6990
gbillheimer@hptylaw.com

**COUNSEL FOR DEFENDANT
SUNTRUST BANK**

---

[1] Mr. Billheimer is filing a Motion for Admission Pro Hac Vice contemporaneously herewith.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via email and by certified mail, return receipt requested, on the _4th_ day of March 2014, to the following counsel of record:

ATTORNEYS FOR PLAINTIFF:
Les J. Strieber III
lstrieber@lawdcm.com
Ramon Rodriguez
rrodriquez@lawdcm.com
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212


ATTORNEYS FOR DEFENDANTS
THE VANGUARD GROUP, INC. &
VANGUARD FIDUCIARY TRUST COMPANY:
Patricia Hair
hairp@phelps.com
Andrew A. Woellner
andrew.woellner@phelps.com
PHELPS DUNBAR, LLP
One Allen Center
500 Dallas, Suite 1300
Houston, Texas 77002


_Doug Lackey_
Doug Lackey

# EXHIBIT A

CERTIFIED MAIL #70131710000134023029   Case Number: 2014-CI-00349



2014CI00349 S00003

**DANIEL GRAVES**

*Plaintiff*

vs.

**THE VANGUARD GROUP INC ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

"THE STATE OF TEXAS"

DIRECTED TO: SUNTRUST BANK INC
                 BY SERVING THE TEXAS SECRETARY OF STATE

**CITATION**

IN THE DISTRICT COURT
73rd JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

RECEIVED
Certified
FEB 06 2014
Mail LLt
ATLANTA LEGAL DEPT.

        P O BOX 12079
        AUSTIN TX 78711-2079

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 16th day of January, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF JANUARY A.D., 2014.

PLAINTIFF'S ORIGINAL PETITION

LES JOHN STRIEBER III
ATTORNEY FOR PETITIONER
755 E MULBERRY AVE 500
SAN ANTONIO, TX 78212-3149



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Felicia Gomez*, Deputy

---

Officer's Return

Came to hand on the 17th day of January 2014, A.D., at 3:45 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20____, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITION

Cause of failure to execute this Citation is _____ .

RECEIVED
SECRETARY OF STATE

JAN 2 3 2014

Service of Process

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Felicia Gomez*, Deputy

ORIGINAL (DK003)

236259

FILED
1/9/2014 2:22:39 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

CAUSE NO. **2014CI00349**

| | | |
|---|---|---|
| DANIEL GRAVES | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **73RD** JUDICIAL DISTRICT |
| | § | |
| THE VANGUARD GROUP, INC., | § | |
| VANGUARD FIDELITY TRUST | § | |
| COMPANY, and SUNTRUST | § | |
| BANK, INC. | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, DANIEL GRAVES, and files this Original Petition complaining of Defendants, THE VANGUARD GROUP, INC., VANGUARD FIDELITY TRUST COMPANY, and SUNTRUST BANK, INC., and in support thereof would respectfully show the court the following:

### I.  DISCOVERY PLAN

1.      Discovery in this action is intended to be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.1.

### II.  PARTIES

2.      Plaintiff, Daniel Graves, is an individual who is a resident of San Antonio, Bexar County, Texas.

3.      Defendants, The Vanguard Group, Inc. and Vanguard Fidelity Trust Company (collectively "Vanguard" herein), are a national banking association incorporated in the State of Pennsylvania with a principal place of business at 100 Vanguard Blvd., Malvern, Pennsylvania 19355. Vanguard is doing business in the state of Texas and may be served with process through

service upon its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4.      Defendant, Suntrust Bank, Inc. ("Suntrust") is a national banking institution incorporated in the state of Georgia with a principal place of business at 303 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30308, which is the most recent address of the entity on file with the State of Texas. Suntrust is doing business in the state of Texas and may be served with process through service upon the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, TX 78711 pursuant to Texas Business Organizations Code § 5.251(1)(A).

## III.   JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

6.      Pursuant to Section 15.001 *et seq.* of the Texas Civil Practice & Remedies Code, venue is proper in Bexar County because Daniel Graves was a resident of Bexar County at the time the cause of action accrued.

## IV.   INTRODUCTION

7.      This suit arises from the actions and inactions of Vanguard and Suntrust (collectively referred to as "Defendants") in the mismanagement of Daniel Graves' Major League Baseball Players Investment Plan account ("Plan Account"), and the deposit and acceptance of a forged negotiable instrument drawn against the Plan Account. Defendants wrongfully issued and paid a check drawn on Mr. Graves' Plan Account to a person who was not listed as the primary account holder and who had no actual or apparent authority under the Plan Account. Defendants breached their duty to use ordinary care in the issuance and payment of checks drawn on the Plan Account and as a result, Mr. Graves lost the total funds of $120,614.12 from his Plan Account.

2

## V.  FACTUAL BACKGROUND

8.      At all times relevant to this action Daniel Graves maintained his Plan Account with Vanguard, account number 091338.  Mr. Graves was the sole primary account holder and the only authorized signatory of the Plan Account.  Based on information and belief, a third party caused the primary address on Mr. Graves' Plan Account to be changed to the address 24120 Weldon Drive, Eustis, Florida, 32736.  Vanguard changed the primary address to the Plan Account without the consent, knowledge or authorization of Mr. Graves.  Vanguard failed to notify and verify with Mr. Graves that the change of address was made with or without his consent and authority.  From this point on, Vanguard sent Mr. Graves' Plan Account statements to the unauthorized address of Andrea Graves, at 24120 Weldon Drive, Eustis, Florida, 32736.

9.      Thereafter, on or about December 12, 2007, Vanguard communicated with Andrea Graves, and pursuant to her request, depleted the Plan Account and issued a check for the remaining balance in the  account in the amount of One Hundred Twenty Nine Thousand Six Hundred and Fourteen Dollars and 62/100 ($120,614.62).  Vanguard wrongfully and negligently issued the check payable to "Daniel Graves" and wrongfully and negligently delivered it to the address of Andrea Graves at 24120 Weldon Drive, Eustis, Florida, 32736.  A true and correct copy of this check is attached hereto as Exhibit A.  Mr. Graves did not at any time request a full termination of his Plan Account or give Andrea Graves any authority to do so.  Andrea Graves requested and Vanguard issued the check without the consent, knowledge or authorization of Mr. Graves.  Mr. Graves never received any communication or notice from Vanguard that his account had been depleted.

10.      Thereafter, without any authority from Mr. Graves, actual, apparent or otherwise, Andrea Graves forged Mr. Graves' endorsement and deposited the check into a bank account at a SunTrust Bank in Florida. The forged endorsement contained the words for "deposit only," and

3

as such, is a restrictive endorsement. Defendants ignored the terms of the endorsement and accepted and deposited the funds into the account of Andrea Graves at Suntrust Bank. A handwriting analysis of the check was conducted, which confirmed that the signature on the Plan Account check was a forgery. Defendants accepted this forged instrument and debited the entire amount against Mr. Graves' Plan Account, and credited the entire amount into an account of a person that was an unauthorized, non-payee.

11.     Mr. Graves did not discover the termination of his Plan Account until November 16, 2012, when he received notice from the Internal Revenue Service that he had failed to pay federal income taxes on his alleged receipt of the funds from his Plan Account. On February 11, 2013 written demand was made on Vanguard to re-credit the check wrongfully issued and paid on Mr. Graves' Plan Account.   The written demand is attached hereto as Exhibit B.   In correspondence following the demand, Vanguard made claims that Mr. Graves acknowledged that the check issued on his Plan Account would be sent to the address of his soon to be ex-wife Andrea Graves. Mr. Graves did not at any time acknowledge that the check would be sent to the address of Andrea Graves or any other address other than the primary address Mr. Graves authorized for the Plan Account. Mr. Graves did not communicate with Vanguard in any manner requesting a full termination of his Plan Account. Mr. Graves denies that the check was sent to his address or that he ever received the check, at his address or otherwise. Defendants have taken no action consistent with their obligation to re-credit Mr. Graves' Plan Account in the amount of the forged check which it improperly issued and wrongfully paid.

## V.     CONDITIONS PRECEDENT

12.     All conditions precedent to the causes of action set forth have occurred or been satisfied or waived.

4

## VI.   ARGUMENT AND AUTHORITIES

### 1. Negligence

**A.   Vanguard's Failure to Notify Mr. Graves of the Unauthorized Change of Address on his Plan Account Amounts to Negligence.**

13.      Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

14.      To establish a cause of action for negligence, a plaintiff must prove that defendant owed to plaintiff a duty. *See Plaza Nat. Bank v. Walker*, 767 S.W.2d 276, 278 (Tex. App.—Beaumont 1989, writ denied) (holding that the relationship between a bank and its depositor gives rise to a duty of good faith and fair dealing). Plaintiff must also prove that defendant breached such duty by failing to meet the requisite standard of care. *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2004). The standard of care in a negligence situation may be established by the custom and practice within an industry. *See Carabajal v. UTV of San Antonio, Inc.*, 961 S.W.2d 628, 632 (Tex. App.—San Antonio 1998, pet. denied); *see also KIA Motors Corp. v. Ruiz*, 348 S.W.3d 465, 479 (Tex. App.—Dallas 2011 review granted (Feb. 15, 2013)). Lastly, plaintiff must establish that defendant's breach proximately caused the plaintiff's injuries. *See Carabajal v. UTV of San Antonio, Inc.*, 961 S.W.2d 628, 632 (Tex. App.—San Antonio 1998, pet. denied); *see also KIA Motors Corp. v. Ruiz*, 348 S.W.3d 465, 479 (Tex. App.—Dallas 2011 review granted (Feb. 15, 2013))

15.      Vanguard owed Mr. Graves a duty of ordinary care to protect his account from fraudulent activity. *See Walker*, 767 S.W.2d at 278; *see also Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.) (implying that a bank only owes it's a customers a duty of care); *see also Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.—

Tyler 2006, no pet.) (same). Vanguard breached that duty of ordinary care when it failed to provide Mr. Graves with a change of address notification letter confirming that the primary address for the Plan Account had been changed in accordance with the customs and practices of the banking industry. *See Carabajal*, 961 S.W.2d at 632 (establishing standard of care based on industry standard in media publications). Had Vanguard provided Mr. Graves with the requisite notification, Mr. Graves would have been made aware of Andrea Graves' fraudulent activity and could have prevented her from depleting his Plan Account.

16.     To prevent fraudulent activity, financial institutions have implemented procedures to verify and confirm the identity of their customers when communications are not in person, such as confirming personal information like the customer's mother's maiden name or the city where the customer was married. In particular, when a customer calls in to request a change of address, it is standard practice for a financial institution to mail a change of address notification letter to the customer's last known address as a means of confirming that the bank's customer in fact requested the change. Mr. Graves will show that the standard of ordinary care that a bank owes its customers requires taking these menial measures. He will further demonstrate that Vanguard breached said standard of care by failing to inform him of the fraudulent change of address. But for Vanguard's failure to confirm the change of address, Mr. Graves' could have prevented Andrea Graves from depleting his Plan Account.

**B.  Vanguard Negligently and Wrongfully Issued and Paid a Check Bearing Mr. Graves' Forged Endorsement**

17.     Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

18.     A bank may only charge against a customer's account an item properly payable from that account. TEX. BUS. & COM. CODE §4.401(a). An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and the bank. TEX. BUS. & COM. CODE §4.401(a). When a customer deposits funds with a bank, the bank impliedly agrees to disburse those funds only in accordance with the depositor's instructions. *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 564 (Tex. 1984); TEX. BUS. & COM. CODE §§3.404(a), 4.401(a).

19.     Vanguard had a duty to exercise reasonable care in the handling of Mr. Graves' Plan Account. Specifically, Vanguard had a duty to only issue checks authorized by Mr. Graves, the sole primary account holder and signatory on the Plan Account. Vanguard breached its duty by issuing a check at the request of an unauthorized individual, Andrea Graves, thereby allowing improper charging and the full termination of the Plan Account. *See* TEX. BUS. & COM. CODE §4.401.

20.     A bank is liable to its customer if it charges the customer's account for an item that is not properly payable from that account. TEX. BUS. & COM. CODE §4.401(a). A check bearing a forged signature or endorsement is not properly payable. TEX. BUS. & COM. CODE §4.401(a) cmt.1. A bank is conclusively presumed to know the signature of the depositor and may not charge the depositor's account with the amounts of any checks not signed by the depositor, no matter how artistic the forgery and regardless of whether the bank was negligent. *Canfield v. Bank One, Texas, N.A.*, 51 S.W.3d 828, 834 (Tex. App.—Texarkana 2001, pet. denied) (citing *Hatcher Cleaning Co. v. Comerica Bank–Texas*, 995 S.W.2d 933, 937 (Tex. App.—Fort Worth 1999, no pet.); *Oak Cliff Bank & Trust Co. v. Aetna Cas. & Sur. Co.*, 436

S.W.2d 165, 168 (Tex. Civ. App.—Dallas 1968, no writ)); TEX. BUS. & COM. CODE §§3.401, 4.401.

21. Vanguard had a duty to exercise reasonable care in accepting and paying checks drawn on its customer's account. Vanguard breached this duty by paying a check bearing Mr. Graves forged endorsement. *See Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 682 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing McDowell v. Dallas Teachers Credit Union, 772 S.W.2d 183, 193 (Tex. App.—Dallas 1989, no writ); *see also Exch. Bank & Trust Co. v. Kidwell Const. Co.*, 463 S.W.2d 465, 471 (Tex. Civ. App.—Tyler 1971, writ refused n.r.e, 472 S.W.2d 117 (Tex. 1971)). Vanguard may not charge Mr. Graves' account with the amount disbursed on the forged check because the check is not properly payable. Mr. Graves did not endorse the check or authorize the endorsement. Vanguard is presumed to know the signature of the depositor, Mr. Graves, and therefore the loss resulting from such payment falls on Vanguard. *Canfield*, 51 S.W.3d at 834. Vanguard breached its duty to exercise reasonable care by failing to altogether to review the signature on the check, or by failing to identify, upon inspection, that the signature was fraudulent. *See McDowell*, 772 S.W.2d at 193. Because Vanguard wrongfully paid a check bearing Mr. Graves' forged endorsement, Vanguard is obligated to reaccredit Mr. Graves' account for the full amount wrongfully debited from the Plan Account. *See* TEX. BUS. & COM. CODE §§3.401, 4.401.

## C. The One-Year Notice Requirement in Section 4.406 Does Not Bar Plaintiff's Claims

22. Texas Business and Commerce Code Section 4.406 requires a customer to discover and report unauthorized activity within one year from the time the customer's account statement reflecting the transaction is sent or made available to the customer. TEX. BUS. & COM. CODE §4.406. The notice requirement in Section 4.406 does not preclude Plaintiff from bringing

this action because Vanguard did not satisfy its initial obligation to send or make available the account statements to its customer as required under the statute. TEX. BUS. & COM. CODE §4.406. A customer's duty to detect and report unauthorized signatures is triggered only after the bank meets its obligation to provide sufficient information to the customer so he can detect whether an unauthorized transaction has occurred. *American Airlines Employees Federal Credit Union v. Martin*, 29 S.W.3d 86, 92 (Tex. 2000); TEX. BUS. & COM. CODE §4.406. Vanguard failed to make the statements available within the meaning of the statute because they were mailed to an address other than that which the Mr. Graves had designated. Sending the Plan Account statements to Andrea Graves did not fulfill Vanguard's obligation to provide account statements to the ***customer***. *See Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 149 (Tex. 2010) (sending bank statements to fraudulently appointed administrator of bank customer's estate did not satisfy bank's obligation to send account statements to customer since letters of administration did not make the administrator the bank's customer) (emphasis added). Therefore, Section 4.406 does preclude Mr. Graves' claims because Vanguard did not fulfill its initial duty to send the Plan Account statements to Mr. Graves.

23.     In addition, if in fact Section 4.406(d) is applicable, which Mr. Graves firmly denies, Vanguard's failure to exercise ordinary care in paying the item that contributed to Mr. Graves' loss bars its application. *See McDowell*, 772 S.W.2d at 193; *see also VR Elec., Inc.*, 276 S.W.3d at 682. Where, as here, a payee bank fails to adequately review the signatures contained on the items presented for evidence of forgery, it cannot shield itself from liability on the grounds that the customer failed to timely notify the bank. *See McDowell*, 772 S.W.2d at 193; *see also VR Elec., Inc.*, 276 S.W.3d at 682. Furthermore, Section 4.406 does not preclude Mr. Graves' claims because the duty to report unauthorized account activity does not apply to forged

endorsements.  TEX. BUS. & COM. CODE § 4.406 cmt.5 (Section 4.406 does not impose a duty on the customer to look for unauthorized endorsements).

**2. Conversion**

> **A.  Defendant's Converted Mr. Graves Plan Account Funds When They Failed to Comply With the Terms of the Restrictive Endorsement.**

24.     Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

25.     Conversion occurs when a defendant wrongfully exercises dominion or control over the plaintiff's personal property, and as a result, plaintiff suffers an injury. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). A plaintiff must establish that he/she owned, possessed, or had the right to immediate possession of the property. *NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 470 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also Lone Star Beer, Inc. v. First Nat. Bank of Odessa*, 468 S.W.2d 930, 933 (Tex. Civ. App. 1971). Plaintiff must also establish that the property, which defendant wrongfully exercised dominion or control, was personal property and such acts by defendant caused plaintiff to suffer an injury. *Lone Star Beer*, 468 S.W.2d at 933-34.

26.     A depository institution is liable for conversion if it fails to comply with the terms of a restrictive endorsement. TEX. BUS. & COM. CODE § 3.206. An endorsement is restrictive if it states "for deposit" or "for collection." *Id.* at § 3.206(c).

25.     Defendants are both depository institutions and liable to Mr. Graves for conversion. The Plan Account check read "for deposit only," which is a restrictive endorsement, and Defendants failed to comply with those terms. *Id.* The funds in the Plan Account were the personal property of Mr. Graves. *Lone Star Beer*, 468 S.W.2d 933. Defendants wrongfully

exercised dominion and control over those funds when they deposited them into the account of Andrea Graves. *Green Int'l, Inc.*, 951 S.W.2d at 391.

### 3.  Discovery Rule Defers Accrual of Plaintiff's Claims

23.     Texas Business and Commerce Code Section 4.111 sets out a statute of limitations allowing a customer a three-year period to enforce an obligation, duty, or right arising under the chapter. TEX. BUS. & COM. CODE § 4.111; *see* TEX. BUS. & COM. CODE § 4.406 cmt.5 (customer has three years to seek credit to an account improperly charged by payment of an item bearing an unauthorized endorsement).

22.     The discovery rule operates to defer accrual of a cause of action until the plaintiff knows or, by the exercise of reasonable diligence, should know of the facts giving rise to the claim or cause of action. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable. *Barker v. Eckman*, 213 S.W.3d 306, 311–12 (Tex. 2006). For purposes of the discovery rule, "discovery" occurs when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action. *Haidar v. Nortex Found. Designs, Inc.*, 239 S.W.3d 924, 926 (Tex. App.—Dallas 2007, no pet.).

23.     Mr. Graves had no reason to suspect that an unauthorized transaction was made on his Plan Account. Mr. Graves did not receive any notification that his Plan Account address had been changed. Because Vanguard breached its duty to send the account statements to Mr. Graves, he did not discover the unauthorized transaction. Mr. Graves did not become aware of the unauthorized account activity until November 16, 2012, when the Internal Revenue Service notified him that he had failed to pay federal income taxes on his alleged receipt of the funds

from his Plan Account.  Therefore, accrual of Mr. Graves' claims was deferred until November of 2012 when he discovered the possibility of unauthorized account activity.

## VI.  DAMAGES SUSTAINED

24.     Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

25.     Defendants' breach of their duties owed to Plaintiff, as alleged above, are the proximate cause of Plaintiff's damages.  Plaintiff has sustained damages in the amount of One Hundred Twenty Nine Thousand Six Hundred and Fourteen Dollars and 62/100 ($120,614.62) plus interest from the date of the wrongful disbursement of funds.

## VII.  ATTORNEY'S FEES

26.     As a result of Defendant's breaches, Plaintiff seeks recovery of its reasonable and necessary attorney's fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code.

## VIII.  REQUEST FOR DISCLOSURE TO DEFENDANTS

27.     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## IX.  DEMAND FOR JURY

28.     Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE, premises considered, Plaintiff DANIEL GRAVES requests that Defendants THE VANGUARD GROUP, INC., VANGUARD FIDELITY TRUST COMPANY,

and SUNTRUST BANK, INC. be cited to appear and answer, and that upon trial of this cause,

Plaintiff has judgment against Defendants for the following:

    A. Actual damages in excess of the jurisdictional limits of this court, including pre-

       judgment and post-judgment interest as allowed by law; and

    B. Any and all such other and further relief, at law or in equity, to which Plaintiff

       may be justly entitled.

                 Respectfully submitted,

                 **DAVIS, CEDILLO & MENDOZA, INC.**
                 McCombs Plaza, Suite 500
                 755 E. Mulberry Avenue
                 San Antonio, TX  78212
                 Telephone:  (210) 822-6666
                 Telecopier:  (210) 822-1151

                 By: _____
                     Les J. Strieber III
                     State Bar No. 19398000
                     Ramon Rodriguez
                     State Bar No. 24088319

                 **ATTORNEYS FOR PLAINTIFF**



CERTIFIED MAIL

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

7190 1046 4701 0027 9291

**Return Receipt (Electronic)**

2014236259-1

Suntrust Bank, Inc.
303 Peachtree Street, N.E.
Atlanta, GA 30308

CAUSE NO. 2014-CI-00349

| | | |
|---|---|---|
| DANIEL GRAVES | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 73RD JUDICIAL DISTRICT |
| | § | |
| THE VANGUARD GROUP, INC., | § | |
| VANGUARD FIDELITY TRUST | § | |
| COMPANY, and SUNTRUST | § | |
| BANK , INC. | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, DANIEL GRAVES, and files this Original Petition complaining of Defendants, THE VANGUARD GROUP, INC., VANGUARD FIDUCIARY TRUST COMPANY, and SUNTRUST BANK, INC., and in support thereof would respectfully show the court the following:

### I.  DISCOVERY PLAN

1.     Discovery in this action is intended to be conducted under Level 2 pursuant to Texas Rule of Civil Procedure 190.1.

### II.  PARTIES

2.     Plaintiff, Daniel Graves, is an individual who is a resident of San Antonio, Bexar County, Texas.

3.     Defendants, The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company (collectively "Vanguard" herein), are a national banking association incorporated in the State of Pennsylvania with a principal place of business at 100 Vanguard Blvd., Malvern, Pennsylvania 19355. The Vanguard Group, Inc. is doing business in the state of Texas and may be served with

process through service upon its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Vanguard Fiduciary Trust Company is a non-resident foreign entity doing business in Texas that may be served at their home office at 100 Vanguard Blvd., Malvern, Pennsylvania 19355 through the Secretary of State pursuant to Texas Civil Practice and Remedies Code § 17.044 and Texas Rule of Civil Procedure 108.

4.       Defendant, Suntrust Bank, Inc. ("Suntrust") is a national banking institution incorporated in the state of Georgia with a principal place of business at 303 Peachtree Street, N.E., Atlanta, Fulton County, Georgia 30308, which is the most recent address of the entity on file with the Texas Secretary of State. Suntrust is doing business in the state of Texas and may be served with process through service upon the Texas Secretary of State at Service of Process, Secretary of State, P.O. Box 12079, Austin, TX 78711 pursuant to Texas Business Organizations Code § 5.251(1)(A).

### III.   JURISDICTION AND VENUE

5.       The subject matter in controversy is within the jurisdictional limits of this Court.

6.       Pursuant to Section 15.001 *et seq.* of the Texas Civil Practice & Remedies Code, venue is proper in Bexar County because Daniel Graves was a resident of Bexar County at the time the cause of action accrued.

### IV.   INTRODUCTION

7.       This suit arises from the actions and inactions of Vanguard and Suntrust (collectively referred to as "Defendants") in the mismanagement of Daniel Graves' Major League Baseball Players Investment Plan account ("Plan Account"), and the deposit and acceptance of a forged negotiable instrument drawn against the Plan Account. Defendants wrongfully issued and paid a check drawn on Mr. Graves' Plan Account to a person who was not

2

listed as the primary account holder and who had no actual or apparent authority under the Plan Account. Defendants breached their duty to use ordinary care in the issuance and payment of checks drawn on the Plan Account and as a result, Mr. Graves lost the total funds of $120,614.12 from his Plan Account.

### V.  FACTUAL BACKGROUND

8.      At all times relevant to this action Daniel Graves maintained his Plan Account with Vanguard, account number 091338.  Mr. Graves was the sole primary account holder and the only authorized signatory of the Plan Account.  Based on information and belief, a third party caused the primary address on Mr. Graves' Plan Account to be changed to the address 24120 Weldon Drive, Eustis, Florida, 32736.  Vanguard changed the primary address to the Plan Account without the consent, knowledge or authorization of Mr. Graves.  Vanguard failed to notify and verify with Mr. Graves that the change of address was made with or without his consent and authority.  From this point on, Vanguard sent Mr. Graves' Plan Account statements to the unauthorized address of Andrea Graves, at 24120 Weldon Drive, Eustis, Florida, 32736.

9.      Thereafter, on or about December 12, 2007, Vanguard communicated with Andrea Graves, and pursuant to her request, depleted the Plan Account and issued a check for the remaining balance in the  account in the amount of One Hundred Twenty Nine Thousand Six Hundred and Fourteen Dollars and 62/100 ($120,614.62).  Vanguard wrongfully and negligently issued the check payable to "Daniel Graves" and wrongfully and negligently delivered it to the address of Andrea Graves at 24120 Weldon Drive, Eustis, Florida, 32736.  A true and correct copy of this check is attached hereto as Exhibit A.  Mr. Graves did not at any time request a full termination of his Plan Account or give Andrea Graves any authority to do so.  Andrea Graves requested and Vanguard issued the check without the consent, knowledge or authorization of Mr.

Graves.  Mr. Graves never received any communication or notice from Vanguard that his account had been depleted.

10.     Thereafter, without any authority from Mr. Graves, actual, apparent or otherwise, Andrea Graves forged Mr. Graves' endorsement and deposited the check into a bank account at a SunTrust Bank in Florida. The forged endorsement contained the words for "deposit only," and as such, is a restrictive endorsement. Defendants ignored the terms of the endorsement and accepted and deposited the funds into the account of Andrea Graves at Suntrust Bank. A handwriting analysis of the check was conducted, which confirmed that the signature on the Plan Account check was a forgery. Defendants accepted this forged instrument and debited the entire amount against Mr. Graves' Plan Account, and credited the entire amount into an account of a person that was an unauthorized, non-payee.

11.     Mr. Graves did not discover the termination of his Plan Account until November 16, 2012, when he received notice from the Internal Revenue Service that he had failed to pay federal income taxes on his alleged receipt of the funds from his Plan Account. On February 11, 2013 written demand was made on Vanguard to re-credit the check wrongfully issued and paid on Mr. Graves' Plan Account.  The written demand is attached hereto as Exhibit B.   In correspondence following the demand, Vanguard made claims that Mr. Graves acknowledged that the check issued on his Plan Account would be sent to the address of his soon to be ex-wife Andrea Graves.  Mr. Graves did not at any time acknowledge that the check would be sent to the address of Andrea Graves or any other address other than the primary address Mr. Graves authorized for the Plan Account. Mr. Graves did not communicate with Vanguard in any manner requesting a full termination of his Plan Account. Mr. Graves denies that the check was sent to his address or that he ever received the check, at his address or otherwise.  Defendants have

4

taken no action consistent with their obligation to re-credit Mr. Graves' Plan Account in the amount of the forged check which it improperly issued and wrongfully paid.

## V.    CONDITIONS PRECEDENT

12.    All conditions precedent to the causes of action set forth have occurred or been satisfied or waived.

## VI.   ARGUMENT AND AUTHORITIES

### 1. Negligence

**A.    Vanguard's Failure to Notify Mr. Graves of the Unauthorized Change of Address on his Plan Account Amounts to Negligence.**

13.    Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

14.    To establish a cause of action for negligence, a plaintiff must prove that defendant owed to plaintiff a duty. *See Plaza Nat. Bank v. Walker*, 767 S.W.2d 276, 278 (Tex. App.—Beaumont 1989, writ denied) (holding that the relationship between a bank and its depositor gives rise to a duty of good faith and fair dealing). Plaintiff must also prove that defendant breached such duty by failing to meet the requisite standard of care. *See FFE Transp. Servs., Inc. v. Fulgham*, 154 S.W.3d 84, 92 (Tex. 2004). The standard of care in a negligence situation may be established by the custom and practice within an industry. *See Carabajal v. UTV of San Antonio, Inc.*, 961 S.W.2d 628, 632 (Tex. App.—San Antonio 1998, pet. denied); *see also KIA Motors Corp. v. Ruiz*, 348 S.W.3d 465, 479 (Tex. App.—Dallas 2011 review granted (Feb. 15, 2013)). Lastly, plaintiff must establish that defendant's breach proximately caused the plaintiff's injuries. *See Carabajal v. UTV of San Antonio, Inc.*, 961 S.W.2d 628, 632 (Tex. App.—San Antonio 1998, pet. denied); *see also KIA Motors Corp. v. Ruiz*, 348 S.W.3d 465, 479 (Tex. App.—Dallas 2011 review granted (Feb. 15, 2013))

5

15.     Vanguard owed Mr. Graves a duty of ordinary care to protect his account from fraudulent activity. *See Walker*, 767 S.W.2d at 278; *see also Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.) (implying that a bank only owes it's a customers a duty of care); *see also Guerra v. Regions Bank*, 188 S.W.3d 744, 747 (Tex. App.— Tyler 2006, no pet.) (same). Vanguard breached that duty of ordinary care when it failed to provide Mr. Graves with a change of address notification letter confirming that the primary address for the Plan Account had been changed in accordance with the customs and practices of the banking industry. *See Carabajal*, 961 S.W.2d at 632 (establishing standard of care based on industry standard in media publications). Had Vanguard provided Mr. Graves with the requisite notification, Mr. Graves would have been made aware of Andrea Graves' fraudulent activity and could have prevented her from depleting his Plan Account.

16.     To prevent fraudulent activity, financial institutions have implemented procedures to verify and confirm the identity of their customers when communications are not in person, such as confirming personal information like the customer's mother's maiden name or the city where the customer was married. In particular, when a customer calls in to request a change of address, it is standard practice for a financial institution to mail a change of address notification letter to the customer's last known address as a means of confirming that the bank's customer in fact requested the change. Mr. Graves will show that the standard of ordinary care that a bank owes its customers requires taking these menial measures. He will further demonstrate that Vanguard breached said standard of care by failing to inform him of the fraudulent change of address. But for Vanguard's failure to confirm the change of address, Mr. Graves' could have prevented Andrea Graves from depleting his Plan Account.

**B.  Vanguard Negligently and Wrongfully Issued and Paid a Check Bearing Mr. Graves' Forged Endorsement**

17.     Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

18.     A bank may only charge against a customer's account an item properly payable from that account.  TEX. BUS. & COM. CODE §4.401(a).  An item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and the bank.  TEX. BUS. & COM. CODE §4.401(a).  When a customer deposits funds with a bank, the bank impliedly agrees to disburse those funds only in accordance with the depositor's instructions.  *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 564 (Tex. 1984); TEX. BUS. & COM. CODE §§3.404(a), 4.401(a).

19.     Vanguard had a duty to exercise reasonable care in the handling of Mr. Graves' Plan Account.  Specifically, Vanguard had a duty to only issue checks authorized by Mr. Graves, the sole primary account holder and signatory on the Plan Account.  Vanguard breached its duty by issuing a check at the request of an unauthorized individual, Andrea Graves, thereby allowing improper charging and the full termination of the Plan Account.  *See* TEX. BUS. & COM. CODE §4.401.

20.     A bank is liable to its customer if it charges the customer's account for an item that is not properly payable from that account.  TEX. BUS. & COM. CODE §4.401(a).  A check bearing a forged signature or endorsement is not properly payable.  TEX. BUS. & COM. CODE §4.401(a) cmt.1.  A bank is conclusively presumed to know the signature of the depositor and may not charge the depositor's account with the amounts of any checks not signed by the depositor, no matter how artistic the forgery and regardless of whether the bank was negligent. *Canfield v. Bank One, Texas, N.A.*, 51 S.W.3d 828, 834 (Tex. App.—Texarkana 2001, pet.

7

denied) (citing *Hatcher Cleaning Co. v. Comerica Bank–Texas*, 995 S.W.2d 933, 937 (Tex. App.—Fort Worth 1999, no pet.); *Oak Cliff Bank & Trust Co. v. Aetna Cas. & Sur. Co.*, 436 S.W.2d 165, 168 (Tex. Civ. App.—Dallas 1968, no writ)); TEX. BUS. & COM. CODE §§3.401, 4.401.

21.     Vanguard had a duty to exercise reasonable care in accepting and paying checks drawn on its customer's account.  Vanguard breached this duty by paying a check bearing Mr. Graves forged endorsement.  *See Bank of Texas v. VR Elec., Inc.*, 276 S.W.3d 671, 682 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (citing McDowell v. Dallas Teachers Credit Union, 772 S.W.2d 183, 193 (Tex. App.—Dallas 1989, no writ); *see also Exch. Bank & Trust Co. v. Kidwell Const. Co.*, 463 S.W.2d 465, 471 (Tex. Civ. App.—Tyler 1971, writ refused n.r.e, 472 S.W.2d 117 (Tex. 1971)). Vanguard may not charge Mr. Graves' account with the amount disbursed on the forged check because the check is not properly payable.  Mr. Graves did not endorse the check or authorize the endorsement.  Vanguard is presumed to know the signature of the depositor, Mr. Graves, and therefore the loss resulting from such payment falls on Vanguard. *Canfield*, 51 S.W.3d at 834. Vanguard breached its duty to exercise reasonable care by failing to altogether to review the signature on the check, or by failing to identify, upon inspection, that the signature was fraudulent. *See McDowell*, 772 S.W.2d at 193. Because Vanguard wrongfully paid a check bearing Mr. Graves' forged endorsement, Vanguard is obligated to reaccredit Mr. Graves' account for the full amount wrongfully debited from the Plan Account. *See* TEX. BUS. & COM. CODE §§3.401, 4.401.

### C. The One-Year Notice Requirement in Section 4.406 Does Not Bar Plaintiff's Claims

22.     Texas Business and Commerce Code Section 4.406 requires a customer to discover and report unauthorized activity within one year from the time the customer's account

statement reflecting the transaction is sent or made available to the customer. TEX. BUS. & COM. CODE §4.406. The notice requirement in Section 4.406 does not preclude Plaintiff from bringing this action because Vanguard did not satisfy its initial obligation to send or make available the account statements to its customer as required under the statute. TEX. BUS. & COM. CODE §4.406. A customer's duty to detect and report unauthorized signatures is triggered only after the bank meets its obligation to provide sufficient information to the customer so he can detect whether an unauthorized transaction has occurred. *American Airlines Employees Federal Credit Union v. Martin*, 29 S.W.3d 86, 92 (Tex. 2000); TEX. BUS. & COM. CODE §4.406. Vanguard failed to make the statements available within the meaning of the statute because they were mailed to an address other than that which the Mr. Graves had designated. Sending the Plan Account statements to Andrea Graves did not fulfill Vanguard's obligation to provide account statements to the *customer*. *See Jefferson State Bank v. Lenk*, 323 S.W.3d 146, 149 (Tex. 2010) (sending bank statements to fraudulently appointed administrator of bank customer's estate did not satisfy bank's obligation to send account statements to customer since letters of administration did not make the administrator the bank's customer) (emphasis added). Therefore, Section 4.406 does preclude Mr. Graves' claims because Vanguard did not fulfill its initial duty to send the Plan Account statements to Mr. Graves.

23.     In addition, if in fact Section 4.406(d) is applicable, which Mr. Graves firmly denies, Vanguard's failure to exercise ordinary care in paying the item that contributed to Mr. Graves' loss bars its application. *See McDowell*, 772 S.W.2d at 193; *see also VR Elec., Inc.*, 276 S.W.3d at 682. Where, as here, a payee bank fails to adequately review the signatures contained on the items presented for evidence of forgery, it cannot shield itself from liability on the grounds that the customer failed to timely notify the bank. *See McDowell*, 772 S.W.2d at 193;

*see also VR Elec., Inc.*, 276 S.W.3d at 682. Furthermore, Section 4.406 does not preclude Mr. Graves' claims because the duty to report unauthorized account activity does not apply to forged endorsements.  TEX. BUS. & COM. CODE § 4.406 cmt.5 (Section 4.406 does not impose a duty on the customer to look for unauthorized endorsements).

**2. Conversion**

    **A.  Defendant's Converted Mr. Graves Plan Account Funds When They Failed to Comply With the Terms of the Restrictive Endorsement.**

    24.    Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

    25.    Conversion occurs when a defendant wrongfully exercises dominion or control over the plaintiff's personal property, and as a result, plaintiff suffers an injury. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 391 (Tex. 1997). A plaintiff must establish that he/she owned, possessed, or had the right to immediate possession of the property. *NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 470 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *see also Lone Star Beer, Inc. v. First Nat. Bank of Odessa*, 468 S.W.2d 930, 933 (Tex. Civ. App. 1971). Plaintiff must also establish that the property, which defendant wrongfully exercised dominion or control, was personal property and such acts by defendant caused plaintiff to suffer an injury. *Lone Star Beer*, 468 S.W.2d at 933-34.

    26.    A depository institution is liable for conversion if it fails to comply with the terms of a restrictive endorsement. TEX. BUS. & COM. CODE § 3.206. An endorsement is restrictive if it states "for deposit" or "for collection." *Id.* at § 3.206(c).

    25.    Defendants are both depository institutions and liable to Mr. Graves for conversion. The Plan Account check read "for deposit only," which is a restrictive endorsement, and Defendants failed to comply with those terms. *Id.* The funds in the Plan Account were the

personal property of Mr. Graves. *Lone Star Beer*, 468 S.W.2d at 933. Defendants wrongfully exercised dominion and control over those funds when they deposited them into the account of Andrea Graves. *Green Int'l, Inc.*, 951 S.W.2d at 391.

### 3. Discovery Rule Defers Accrual of Plaintiff's Claims

23.     Texas Business and Commerce Code Section 4.111 sets out a statute of limitations allowing a customer a three-year period to enforce an obligation, duty, or right arising under the chapter. TEX. BUS. & COM. CODE § 4.111; *see* TEX. BUS. & COM. CODE § 4.406 cmt.5 (customer has three years to seek credit to an account improperly charged by payment of an item bearing an unauthorized endorsement).

22.     The discovery rule operates to defer accrual of a cause of action until the plaintiff knows or, by the exercise of reasonable diligence, should know of the facts giving rise to the claim or cause of action. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable. *Barker v. Eckman*, 213 S.W.3d 306, 311–12 (Tex. 2006). For purposes of the discovery rule, "discovery" occurs when a plaintiff has knowledge of such facts as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action. *Haidar v. Nortex Found. Designs, Inc.*, 239 S.W.3d 924, 926 (Tex. App.—Dallas 2007, no pet.).

23.     Mr. Graves had no reason to suspect that an unauthorized transaction was made on his Plan Account. Mr. Graves did not receive any notification that his Plan Account address had been changed. Because Vanguard breached its duty to send the account statements to Mr. Graves, he did not discover the unauthorized transaction. Mr. Graves did not become aware of the unauthorized account activity until November 16, 2012, when the Internal Revenue Service notified him that he had failed to pay federal income taxes on his alleged receipt of the funds

11

from his Plan Account. Therefore, accrual of Mr. Graves' claims was deferred until November of 2012 when he discovered the possibility of unauthorized account activity.

## VI. DAMAGES SUSTAINED

24. Plaintiff incorporates each and every allegation set forth in the paragraphs above by reference.

25. Defendants' breach of their duties owed to Plaintiff, as alleged above, are the proximate cause of Plaintiff's damages. Plaintiff has sustained damages in the amount of One Hundred Twenty Nine Thousand Six Hundred and Fourteen Dollars and 62/100 ($120,614.62) plus interest from the date of the wrongful disbursement of funds.

## VII. ATTORNEY'S FEES

26. As a result of Defendant's breaches, Plaintiff seeks recovery of its reasonable and necessary attorney's fees pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code.

## VIII. REQUEST FOR DISCLOSURE TO DEFENDANTS

27. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## IX. DEMAND FOR JURY

28. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE, premises considered, Plaintiff DANIEL GRAVES requests that Defendants THE VANGUARD GROUP, INC., VANGUARD FIDELITY TRUST COMPANY,

and SUNTRUST BANK, INC. be cited to appear and answer, and that upon trial of this cause,

Plaintiff has judgment against Defendants for the following:

      A. Actual damages in excess of the jurisdictional limits of this court, including pre-judgment and post-judgment interest as allowed by law; and

      B. Any and all such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX  78212
Telephone:  (210) 822-6666
Telecopier:  (210) 822-1151

By:    /s/ Les J. Strieber III
         Les J. Strieber III
         State Bar No. 19398000
         Ramon Rodriguez
         State Bar No. 24088319

**ATTORNEYS FOR PLAINTIFF**

T:\18000 - 18999\18200-18299\18214.0001 Graves\Pleadings-Motions\First Amended Petition.docx

13



## Stops - Images - Search®

| Image |
|---|

**Image Front:**



**Image Back:**

**Item Details**

| | | | |
|---|---|---|---|
| Amount | 120,614.62 | Account Name | THRU CHECK ACCT |
| Check # | 9674710 | Account Number | 2079950039707 |
| Posting Date | 12/11/2007 | Routing Number | 031100225 |
| As of Date | 12/11/2007 | Type Code/Description | 475/CHECK PAID |
| | | Item Sequence Number | 1025591906 |

Privacy, Security & Legal
©Copyright 2002 - 2012 Wells Fargo  All rights reserved

FILED
2/17/2014 10:50:33 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez

NO. 2014-CI-00349

| | | |
|---|---|---|
| DANIEL GRAVES | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| THE VANGUARD GROUP, INC., | § | |
| VANGUARD FIDELITY TRUST | § | |
| COMPANY AND SUNTRUST | § | |
| BANK, INC. | § | 73RD JUDICIAL DISTRICT |

### ORIGINAL ANSWER, SPECIAL EXCEPTIONS and REQUEST FOR DISCLOSURE OF DEFENDANTS THE VANGUARD GROUP, INC. AND VANGUARD FIDUCIARY TRUST COMPANY

Defendants The Vanguard Group., Inc. and Vanguard Fiduciary Trust Company (incorrectly identified as Vanguard Fidelity Trust Company) (collectively referred to as "Vanguard"), file their Original Answer, Special Exceptions and Request for Disclosure to Plaintiff's Original Petition, and would show the following:

### I.   GENERAL DENIAL

Defendants Vanguard generally deny each and every, all and singular, of the allegations of Plaintiff's Original Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and upon trial will demand strict proof thereof by a preponderance of the evidence.

### II.   AFFIRMATIVE DEFENSES

1.    Plaintiff's causes of action are barred by the applicable statute of limitations. Plaintiff's injury, if any, is not the type of injury that is inherently undiscoverable.

2.    Further answering, Vanguard would respectfully show that, if the damages to Plaintiff occurred as alleged, although it is not so acknowledged, then such damages were the result of Plaintiff's own negligence, and that such negligence, in

whole or in part, was a proximate cause of Plaintiff's damages, if any.

3.      Further answering, Vanguard would respectfully show that, if the damages to Plaintiff occurred as alleged, although it is not so acknowledged, then the damages were directly and proximately caused by the acts and omissions of individuals, including Plaintiff, and third persons for whom Vanguard is not responsible, and such acts were the sole cause, sole proximate cause, producing cause and new and independent intervening cause of the alleged damages to Plaintiff, if any.

## III.   SPECIAL EXCEPTIONS

Defendants specially except and object to Plaintiff's prayer in which Plaintiff pleads for "actual damages" without stating a sum certain or upper limit to the damages sought.   Defendants are entitled to know the extent of their exposure in this matter.   Plaintiff should be required to replead to state with certainty a sum certain or upper limit to the actual damages that he seeks in this matter.

Defendants further except and object to Page 10[1] and the prayer in which Plaintiff refers to both defendants generically as "Defendants." Defendants cannot tell from the petition as currently filed which causes of action are being asserted against which Defendants or which damage elements are being sought against each Defendant.   Plaintiff should be required to replead to state with specificity the name of the Defendant against which each cause of action or damage element is asserted.

---

[1] Defendants refer to the page globally because there appears to be errors in the numbering of the paragraphs, i.e., the paragraphs jump from 26 to 25 and are repeated again two pages later.

## IV.   REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

WHEREFORE, Defendants The Vanguard Group., Inc. and Vanguard Fiduciary Trust Company, pray that after due proceedings are had, a judgment be rendered that Plaintiff take nothing, that the petition be dismissed with prejudice, and for all other relief to which it may be entitled in law or equity.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:   _____

Patricia Hair
Texas Bar No. 08713500
Andrew A. Woellner
Texas Bar No. 24060850
500 Dallas, Suite 1300
Houston, Texas 77002
Telephone:   (713) 626-1386
Telecopier:   (713) 626-1388
Email:  hairp@phelps.com
        woellnea@phelps.com

ATTORNEYS FOR DEFENDANTS
THE VANGUARD GROUP., INC. AND
VANGUARD FIDUCIARY TRUST
COMPANY

PD.11020194.1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Defendants  The Vanguard Group., Inc. and Vanguard Fiduciary Trust Company's Original Answer has been served on all counsel of record as listed below:

> Les J. Strieber III
> Ramon Rodriguez
> Davis, Cedillo & Mendoza, Inc.
> 755 E. Mulberry Ave.
> San Antonio, Texas 78212
> *Fax: 210-882-1151*

by facsimile, on this \_17th\_ day of February, 2014.

Andrew A. Woellner

FILED
3/3/2014 9:41:47 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Irene Torres

CASE NO. 2014-CI-00349

| | | |
|---|---|---|
| DANIEL GRAVES, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | 73rd JUDICIAL DISTRICT |
| THE VANGUARD GROUP, INC., | § | |
| VANGUARD FIDELITY TRUST | § | |
| COMPANY, and SUNTRUST | § | |
| BANK, INC., | § | |
| | § | |
| Defendants | § | BEXAR COUNTY, TEXAS |

### DEFENDANT SUNTRUST BANK'S
### SPECIAL EXCEPTIONS AND ORIGINAL ANSWER TO
### PLAINTIFF'S FIRST AMENDED PETITION
### AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant SunTrust Bank and files its Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures in the above-referenced matter. SunTrust Bank states that its correct name is "SunTrust Bank", not "SunTrust Bank, Inc."

### I.
### SPECIAL EXCEPTIONS

1.      The Petition fails to allege facts sufficient to put SunTrust Bank on fair notice of the claims against it. *See* TEX. R. CIV. P. 45 and 47. The Petition fails to include or identify with any specificity (i) any acts or misconduct of SunTrust Bank for which it may be held liable; (ii) any acts or misconduct that occurred in the State of Texas or in Bexar County, Texas or any other minimum contacts or other legally cognizable nexus sufficient to establish personal jurisdiction, subject matter jurisdiction or venue in Bexar County, Texas; (iii) any harm or damage caused to Plaintiff by SunTrust Bank for which Plaintiff may recover against SunTrust Bank; and (iv) in the prayer for relief, a sum certain or upper limit to the damages sought.

2.      The Court should order Plaintiff to plead its allegations specific to SunTrust Bank to enable it to prepare its defense.  In the alternative, the Court should strike the Petition in its entirety as it pertains to SunTrust Bank and dismiss SunTrust Bank as a defendant.  In the alternative, the Court should dismiss for lack of jurisdiction and/or venue, or should transfer the case to a more convenient forum.

## II.
## GENERAL DENIAL

3.      Pursuant to Texas Rule of Civil Procedure 92, SunTrust Bank generally denies every allegation contained in the Original Petition and the First Amended Petition and any amendment or supplemental petition that may be filed in this case, and SunTrust Bank respectfully requests that Plaintiff be required to prove its claims and allegations by clear and convincing evidence, or as otherwise required by the Constitution and applicable state laws.

## III.
## AFFIRMATIVE DEFENSES AND ADDITIONAL ALLEGATIONS

4.      Plaintiff's claim against SunTrust Bank and his claims against the co-defendants are barred by the doctrines of preemption, laches, waiver, estoppel, contributory negligence, applicable statutes of repose, applicable statutes of limitation, and/or any other time bar established by law, statute, or agreement.  According to Exhibit A to Plaintiff's First Amended Petition, the check at issue in this litigation was dated and issued by Vanguard Fiduciary Trust Company on December 6, 2007, and negotiated in December 2007, over 6 years prior to Plaintiff's filing of this litigation on January 9, 2014.  According to Plaintiff's Petition, Plaintiff discovered the termination of his Plan Account at least as early as November 16, 2012, which is more than one year prior to his filing of this litigation on January 9, 2014.  Plaintiff's injury, if any, is not the type of injury which is inherently undiscoverable.

SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures

2

5.      There should be no recovery against SunTrust Bank because Plaintiff failed to mitigate any alleged damages.

6.      There should be no recovery against SunTrust Bank because the superseding and intervening intentional misconduct,  negligence, and/or contributory negligence of third parties and/or intentional conduct, negligence, and/or contributory negligence of Plaintiff caused Plaintiff's alleged injuries, and this conduct, either by omission or commission, interrupted the natural and proximate causal relationship between any alleged act or omission of SunTrust Bank and Plaintiff's alleged resulting injuries and damages.

7.      There should be no recovery against SunTrust Bank because the conditions precedent have not been satisfied and because SunTrust Bank's actions were legally justified or excused and privileged. *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686 (Tex. 1989).

8.      Paragraph 10 of Plaintiff's First Amended Petition incorrectly states that the check endorsement

> "contained the words for 'deposit only,' and as such, is a restrictive endorsement. Defendants ignored the terms of the endorsement and deposited the funds into the account of Andrea Graves at SunTrust Bank".

The second Paragraph numbered 25 on Page 10 of the First Amended Petition[1] similarly incorrectly states that the Plan Account check read "for deposit only".  SunTrust Bank would show that there should be no recovery against it because the alleged "deposit only" or "for deposit only" endorsement was worded differently - the endorsement actually stated "Deposit Only 100043462190".

9.      Alternatively, Plaintiff waived his ability to recover for SunTrust Bank's alleged conversion of Plaintiff's funds because Plaintiff consented to and/or procured the wrongs he

---

[1] There are multiple clerical errors in the paragraph numbering in the First Amended Petition.

SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures

3

alleges in his Petition and further Plaintiff alleges he did not receive delivery of the check whose proceeds he claims were converted.

10.     SunTrust Bank held no right of control over the two Vanguard Defendants or any third parties, and is not liable for any alleged injuries or damages sustained by Plaintiff caused by or attributable to any acts, omissions, misconduct or negligence of said Vanguard Defendants or third parties.

11.     Pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, or other any other applicable law, and without accepting the truth of the pleadings and denying all liability, SunTrust Bank reserves its right, if it is found to have any liability to Plaintiff, to a set-off, percentage, or pro rata reduction of any such liability, or to a credit for the amount of any settlement paid by each settling Defendants.

12.     Alternatively, in the event it is not otherwise entitled to judgment as a matter of law, SunTrust Bank invokes the apportionment of damages system adopted by the Texas Supreme Court in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex. 1984), or other any other applicable apportionment law, and alleges that, if it is found to be liable for any portion of damages to Plaintiff, it is liable only for the percentage of damages for which it is found comparatively at fault.

13.     Moreover, should this case be submitted to the jury, SunTrust Bank alleges that it should be submitted in a manner that secures a determination as to the relative fault of the causation of damages by Plaintiff and by each of the parties.  Any judgment that is to be entered should be so limited.

14.     SunTrust Bank adopts all affirmative defenses pled by any other Defendant.

SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures

4

15.     SunTrust Bank reserves its right to amend its pleadings upon completion of discovery or as and when otherwise permitted by any applicable law, including the Texas Rules of Civil Procedure.

**IV.**
**DEMAND FOR JURY TRIAL**

16.     SunTrust Bank demands a trial by jury.

**V.**
**REQUEST FOR DISCLOSURES**

17.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant SunTrust Bank requests that Plaintiff disclose, within 30 days of service of this request, the information and material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED,** Defendant SunTrust Bank moves and respectfully prays, before or upon final trial and hearing hereof, that Plaintiff have no relief and recover nothing over and against Defendant SunTrust Bank, that the petition be dismissed with prejudice, and, for such other and further relief, either at law or in equity, special or general, to which Defendant SunTrust Bank may show itself justly entitled.

Respectfully submitted,

HAWKINS PARNELL
THACKSTON & YOUNG LLP

By:  _____
GORDON E. BILLHEIMER, JR.
State Bar No. 24072931
1717 W. 6th St., Suite 250
Austin, TX 78703
Telephone:  (512) 687-6914
Facsimile:  (512) 687-6990
gbillheimer@hptylaw.com

COUNSEL FOR DEFENDANT
SUNTRUST BANK

SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served via email and by certified mail, return receipt requested, on the *3rd* day of March 2014, to the following counsel of record:

Les J. Strieber III
lstrieber@lawdcm.com
Ramon Rodriguez
rrodriquez@lawdcm.com
DAVIS, CEDILLO & MENDOZA, INC.
McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, Texas 78212
ATTORNEYS FOR PLAINTIFF

Patricia Hair
hairp@phelps.com
Andrew A. Woellner
andrew.woellner@phelps.com
PHELPS DUNBAR, LLP
One Allen Center
500 Dallas, Suite 1300
Houston, Texas 77002
ATTORNEYS FOR DEFENDANTS
THE VANGUARD GROUP, INC. &
VANGUARD FIDUCIARY TRUST COMPANY

Gordon E. Billheimer, Jr.

SunTrust Bank's Special Exceptions and Original Answer to Plaintiff's First Amended Petition and Request for Disclosures

6

# EXHIBIT B

**CONSENT OF DEFENDANTS
THE VANGUARD GROUP, INC.
AND
VANGUARD FIDUCIARY TRUST COMPANY
TO REMOVAL**

      1.      On January 9, 2014, Plaintiff Daniel Graves filed his Original Petition in Bexar County, Texas, 73rd Judicial District, styled Daniel Graves v. The Vanguard Group, Inc., Vanguard Fidelity Trust Company, and SunTrust Bank, Inc., Cause No. 2014CI00349; and further on February 10, 2014, Plaintiff Daniel Graves filed his First Amended Petition in the same court and case number, changing the originally pleaded name of Defendant Vanguard Fidelity Trust Company to the name of Vanguard Fiduciary Trust Company. This civil action is hereafter referred as the "State Court Civil Action".

      2.      Defendants The Vanguard Group, Inc. and Vanguard Fiduciary Trust Company hereby consent to removal of the State Court Civil Action from the District Court of the 73rd Judicial District, Bexar County, Texas, to the United States District Court for the Western District of Texas.

**The Vanguard Group, Inc.**                    **The Vanguard Fiduciary Trust Company**

By: _Andrew Woellner_                           By: _Andrew Woellner_

Print Name: _Andrew Woellner_                   Print Name: _Andrew Woellner_

Its: _Attorney_                                 Its: _Attorney_

Date: _March_ _3_, 2014                         Date: _March_ _3_, 2014